UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-80911-CIV-MARRA

CHARLOTTE TAYLOR,

    Plaintiff,

v.

PALM BEACH COUNTY SHERIFF
RIC L. BRADSHAW; PALM BEACH
COUNTY, FLORIDA; PALM BEACH
COUNTY SHERIFF'S CAPTAIN ED
JABLONSKI; PALM BEACH
SHERIFF'S SERGEANT SCOTT
SCHWAB; PALM BEACH COUNTY
SHERIFF'S SERGEANT TERESA
BLOESER; AND PALM BEACH
SHERIFF'S DEPUTY [UNKNOWN
DUE TO REFUSAL TO GIVE ME HIS
CARD WITH HIS NAME ON IT.]

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE comes before the Court upon the Motion to Dismiss Amended Complaint Filed on Behalf of Defendants, Palm Beach County Sheriff, Ric L. Bradshaw, Palm Beach County Sheriff's Captain Ed Jablonski, Palm Beach County Sheriff's Sergeant Scott Schwab, Palm Beach County Sheriff's Sergeant Teresa Bloeser, and Palm Beach County Sheriff's Deputy [Unknown] [DE 48]; Plaintiff's Motion to Amend and Motion to Compel Initial Disclosures Including the Name and Address of the Unknown Defendant [DE 54]; and the Motion of Charlotte Taylor, Pro Se Plaintiff, to Reduce Cost in this Matter by Allowing Filing with the Clerk to be Service on all Defendants Represented by an Attorney [DE 56]. The Court has reviewed all the submissions of the parties and is otherwise duly advised in the premises.

1

Familiarity with the Court's prior decision is assumed [DE 40].  The Court hereby incorporates by reference the background facts and legal standards set forth therein, as none of these have changed since the Court's opinion and order on Defendants' last motion to dismiss.

Having reviewed Plaintiff's Second Amended Complaint [DE 42], it is clear that Plaintiff has attempted to comply with the Court's prior ruling [DE 40].  The moving Defendants have pointed to a few remaining deficiencies in Plaintiff's pleading in their Motion to Dismiss. Upon review of Plaintiff's proposed Third Amended Complaint, Plaintiff appears to address them.

Defendants oppose Plaintiff's motion to amend as dilatory and futile [DE 58].  The Court disagrees.  With the exception of the items Plaintiff addresses in her proposed amended complaint, the Court rejects Defendants' Motion to Dismiss.

In Defendants' motion, they object to the formulaic recitation by Plaintiff of the elements of her causes of action; however, she has followed the Court's prior decision in adding this language. Defendants also raise again their qualified immunity defense; however, the Court has already rejected that as a basis for dismissing the case at this stage of the proceedings [DE 40].

Finally, Defendants again take the position that Plaintiff is barred from bringing claims under 42 U.S.C. §1983 because she has claims under the Rehabilitation Act and the ADA, citing to *Holbrook v. City of Alpharetta ,Ga.*, 112 F.3d 1522(11th Cir. 1997).  *Holbrook* concluded that "a plaintiff may not maintain a section 1983 action in lieu of – or in addition to – a Rehabilitation Act or ADA cause of action **if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA**." *Id*. at 1531(emphasis added).  Here, Plaintiff's 1983 claims are for the deprivation of her constitutional rights relative to access to the court.  These do not arise out of the Rehabilitation Act or the ADA. Therefore, *Holbrook* does not bar Plaintiff's 1983 claims.

Regarding Plaintiff's Motion to Compel Initial Disclosures, until Defendants answer the

Third Amended Complaint, it is premature for the Court to compel disclosures. Therefore, Plaintiff's Motion to Compel Initial Disclosures is denied without prejudice.

Defendants did not oppose Plaintiff's Motion to Reduce Cost [DE 56].

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff 's Motion to Amend and Motion to Compel Initial Disclosures Including the Name and Address of the Unknown Defendant **[DE 54]** is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion to Amend is **GRANTED.** Plaintiff shall file and serve her Third Amended Complaint by **August 5, 2013**. Plaintiff's Motion to Compel Disclosures is **DENIED WITHOUT PREJUDICE.**

2. Plaintiff's Motion to Reduce Cost in this Matter by Allowing Filing with the Clerk to be Service on all Defendants Represented by an Attorney **[DE 56]** is **GRANTED.**

3. Defendant's Motion to Dismiss Plaintiff's Amended Complaint **[DE 48]** is **DENIED AS MOOT.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 25th day of July, 2013.

KENNETH A. MARRA
United States District Judge